IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNEL MAURICE MITCHELL, #R07374, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) Case No. 16-cv-00485-JPG[1] |
| FELICIA PACE, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dannel Mitchell, an inmate who is currently incarcerated at Vienna Correctional Center, filed a civil rights action pursuant to 42 U.S.C. § 1983 to complain about numerous violations of his constitutional rights that occurred during his incarceration at Vandalia Correctional Center ("Vandalia"). *See Mitchell v. Foster*, Case No. 16-cv-00097-MJR (S.D. Ill. January 27, 2016) (Doc. 1). Upon preliminary review of the complaint, the Court determined that several claims were unrelated to one another and severed them into four additional cases. (Doc. 16). The instant case addresses one of these severed claims, *i.e.*, Count 6 - an Eighth Amendment claim against Defendant Felicia Pace for denying Plaintiff use of the shower at Vandalia after he accidentally defecated on himself.[2]

---

[1] The complaint in Case No. 16-cv-00097-MJR was not filed under seal, but Chief Judge Reagan *sua sponte* sealed the preliminary order (Doc. 16). That order forms the basis of this action and remains sealed. However, the complaint was filed un-sealed in this case, and Plaintiff has not requested that any documents be sealed in either matter. For these reasons, this preliminary order is not sealed. "Documents that affect the disposition of federal litigation are presumptively open to public view . . . unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). *See also City of Greenville, Ill. v. Syngeta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014); *Goesel v. Boley International (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (chambers opinion) (collecting citations); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

[2] Plaintiff refers to Count 6 as "Claim 9" in the complaint. (Doc. 2, pp. 18-19).

This matter is now before the Court for preliminary review of Count 6 in the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  Count 6 survives preliminary review under this standard.

## The Complaint

The factual allegations offered in support of Count 6 in the complaint are set forth in their entirety below:

> On, November 12, 2015 at 4:40 CO Pace disregarded my H.I.V. related accident by being ready to hurt me with out humane feelings. I was in the shower at an unauthorized time. CO Pace told me to get out, before I could touch the water. I explained to CO Pace why I was in the shower. I was in the shower because I defecated on myself by accident. (something that occasionally happens due to being H.I.V. (+), and haveing uncontrollable bowel movements. She showed no mercy by insisting I get out. I was forced to clean myself in the common area in front of my peers. My well-being was hindered because this caused me severe anxiety. An, Inmate Disciplinary Report was written and I was punished for an legitimate reason for being in the shower at an unauthorized time. CAO/Warden Foster's campaign or oppression has inspired CO Pace conscience lack of compassion. This is cruel, unusual, and punishment.

(Doc. 2, pp. 18-19).  Along with the complaint, Plaintiff filed a final disciplinary hearing summary.  (*Id*. at 83-84).  According to it, Plaintiff pled guilty to being in the shower without prior authorization.  He was found guilty of unauthorized movement and violation of the prison's rules.  Plaintiff received fourteen days of commissary restriction as punishment.  (*Id*. at 18).

## Merits Review Under 28 U.S.C. § 1915A

Plaintiff will be allowed to pursue his Eighth Amendment claim in Count 6 against Defendant Pace, who denied him the opportunity to take a shower after he defecated on himself.

Plaintiff was allegedly left with no other option than to clean himself in front of his peers in the common area. Claims of forced public nudity are evaluated under the same standard as claims of humiliating strip searches. *See Barrows v. Blackwell*, No. 13-cv-1483, 2016 WL 1122838, at *6 n. 2 (C.D. Ill. March 22, 2016) (citing *Rivera v. Jimenez*, No. 12-cv-476, 2013 WL 6440978, at *5-6 (W.D. Wis. Dec. 9, 2013), *aff'd* 556 F. App'x 505 (7th Cir. 2014)). A prisoner states a claim under the Eighth Amendment "when he plausibly alleges that the [incident] in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order or security in [the] prison[ ]." *See King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). In both contexts, the Eighth Amendment protects against "calculated harassment unrelated to prison needs." *Meriwether v. Faulkner*, 821 F.2d 408, 418 (7th Cir. 1987); *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Even when prison authorities can identify a valid correctional justification for their actions, the conduct "may still violate the Eighth Amendment if 'conducted in a harassing manner intended to humiliate and cause psychological pain.'" *King*, 781 F.3d at 897 (citing *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)).

The allegations support an Eighth Amendment claim against Defendant Pace under this standard because they suggest that the defendant's actions were motivated by a desire to harass or humiliate Plaintiff. Defendant Pace could have issued Plaintiff a disciplinary ticket for unauthorized movement (in order to restore order), while still allowing him to clean himself (in order to avoid humiliation). Instead, she resorted to discipline and humiliation. These allegations at least suggest that the defendant was motivated by the intent to harass or humiliate Plaintiff. Accordingly, Count 6 is subject to further review against Defendant Pace.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Eighth Amendment claim in **COUNT 6** against Defendant Pace survives preliminary review.  The Clerk of Court shall prepare for Defendant **PACE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States**

**Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 2, 2016**

*s/J. Phil Gilbert*
**U.S. District Judge**